UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ANTONIO ARRIOLA, *et al.*, <br><br> Plaintiffs, <br><br> V. <br><br> COMMONWEALTH OF KENTUCKY, *et al.*, <br><br> Defendants. | Civil No. 3:17-cv-00100-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter originated in Kentucky state court and was removed to this Court upon the amendment of the complaint and added federal claims. Before it was removed, the Franklin County Circuit Court Judge issued an Order requiring the Kentucky Department of Corrections to conduct an audit of their educational records. Rather than comply with that Order, Defendants have filed several motions requesting this Court modify the Circuit Court Order and allow the Defendants to amend their Class Action Notice. For the reasons that follow, Defendants' motions are **DENIED**.

**I**

After five years of litigation, this matter was removed from Franklin Circuit Court to this Court on December 6, 2017. Plaintiffs are a certified class of current and former inmates in the care and custody of Defendants Commonwealth of Kentucky, Kentucky Department of Corrections (KDOC), and Kentucky Justice and Public Safety Cabinet (the Cabinet), all three collectively referred to as the "Institutional Defendants." In addition, Plaintiffs have named, individually, Defendant J. Michael Brown, former Secretary of the Cabinet; Defendant John

Tilley, current Secretary of the Cabinet; Defendant LaDonna Thompson, former Commissioner of the KDOC; Defendant Rodney Ballard, current Commissioner of the KDOC; Defendant James Erwin, Deputy Commissioner of Adult Institutions; and Defendant Chris E. Cropp is employed in KDOC's Education Branch. [R. 6 at 3–4.] Defendants Brown, Thompson, Erwin, and Cropp are collectively referred to as the "individual KDOC Defendants."

Kentucky law states,

> (1) Any person convicted and sentenced to a state penal institution
>     (a) Shall receive a credit on his or her sentence for:
>         1. Prior confinement as specified in KRS 532.120;
>         2. Successfully receiving a High School Equivalency Diploma or a high school diploma, a two (2) or four (4) year college degree, a two (2) year or four (4) year degree in applied sciences, a completed technical education program, or an online or correspondence education program, each as provided and defined by the department, or a civics education program that requires passing a final exam, in the amount of ninety (90) days per diploma, degree, or technical education program completed; and
>         3. Successfully completing a drug treatment program or other evidence-based program approved by the department, in the amount of not more than ninety (90) days for each program completed . . .

KRS § 197.045(1). The provisions of § 197.045(1)(a)(2) apply retroactively to July 15, 2011. § 197.045(6). Plaintiffs claim the Defendants did not attribute proper sentence credit for Plaintiffs' completion of educational and behavioral programs, as mandated in § 197.045. According to Plaintiffs' complaint, the mismanagement of these sentence credits not only violates Kentucky law, but also violates Plaintiffs' rights to due process under the Fourteenth Amendment to the United States Constitution and Sections Two and Three of the Kentucky Constitution. [R. 6 at 7.]

This matter was initially filed on September 11, 2012, in Franklin Circuit Court in Franklin County, Kentucky. [R. 14-1 at 1.] After years of discovery and failed mediation

2

attempts, Judge Phillip J. Shepherd of Franklin Circuit Court certified Plaintiffs' class action on June 3, 2015. *Id*. at 2. Judge Shepherd concluded that the inmates were entitled to Educational Good Time (EGT) credit earned since July 15, 2011, and denial of such credit was a deprivation of their due process rights under the Kentucky Constitution and the United States Constitution. *Id*. Additionally, Judge Shepherd found that KDOC's administration of the EGT program was arbitrary and capricious, and granted declaratory and injunctive relief to the Plaintiff class. *Id*. at 3. However, he reserved ruling on the appropriate remedies. *Id*. Plaintiffs requested an independent audit of Defendants' records, but Judge Shepherd held that request in abeyance while parties participated in mediation under Hon. C. Cleveland Gambill. *Id*.

Defendants then agreed to produce a list of class members who had participated in EGT courses, including information such as which courses the inmates took, when they took these courses, whether KDOC awarded credit after course completion, and how much EGT credit was awarded (the List). *Id*. Judge Gambill oversaw discovery, and, although Defendants produced numerous documents, no List was ever disclosed. *Id*. at 4–5. Judge Shepherd held hearings to discuss discovery and a potential independent audit on May 8, 2017, and July 17, 2017. *Id*. at 5.

According to findings by Judge Shepherd on November 7, 2017, Defendants issued a Request for Information (RFI) to find independent parties interested in conducting an audit of their correctional educational records and to determine the estimated duration and cost of this proposed audit. *Id*. at 8. However, the RFI was coded for "education and training consulting," rather than for audits. *Id*. The only entity that responded to the RFI had been alerted by Plaintiffs' counsel, as the inaccurate commodity code failed to trigger a notification. *Id*. at 9. Defendants also conducted a BETA test at the Blackburn Correctional Complex in an attempt to estimate the number of inmates who had not received appropriate EGT credits. *Id*. at 10–11.

3

Judge Shepherd found this test an inaccurate indicator, however, due to the limited nature of the test and the difficulties inmates faced in finding and copying their EGT documentation. *Id*. at 11; 17.

Because keeping accurate accounts was the responsibility of the Defendants, and because the Defendants had not been able to provide the requested List, Judge Shepherd directed Defendants to facilitate an independent audit to produce "a comprehensive list of all class members who have taken correctional education and behavioral programming courses since 2007." *Id*. at 19. This list would indicate which inmates took which courses, when inmates took such courses, whether KDOC awarded sentence credits to appropriate class members for completing these courses, and how much credit was awarded to each inmate. *Id*. Furthermore, Judge Shepherd required Defendants to provide individual notice of the class action to all class members. *Id*. Furthermore, Judge Shepherd prohibited Defendants from communication with class members concerning this litigation without prior approval of the Franklin Circuit Court, except in the case of "routine communications of teachers and administrative staff with inmates in the normal course of business." *Id*.

Judge Shepherd also granted Plaintiffs' request to file a Sixth Amended Complaint on November 7, 2017. *Id*. at 1. In their Sixth Amended Complaint, Plaintiffs added Defendant John Tilley, which made removal to this Court proper pursuant to 28 U.S.C. § 1441. [R. 1.] Several motions regarding Judge Shepherd's Order from November 7, 2017, are now pending before this Court.

## II

### A

Pursuant to a status conference held by this Court on January 8, 2018, Defendants have

filed a Motion to Dissolve or Modify Judge Shepherd's November 7 Order. [R. 13.] Defendants raise two issues with the November 7 Order: the time period parameters of the audit and the solicitation of an independent auditing firm.

**1**

Upon removal, a case that initiated in state court proceeds in federal court as though everything done at the state court level was in fact done by the federal court. *Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955). However, the federal court then applies the Federal Rules of Civil Procedure as opposed to the procedural rules of the state. *Id.*; *see also Labuy v. Peck*, No. 5:10-CV-158-JMH, 2010 WL 4313336, at *4 (E.D. Ky. Oct. 25, 2010). The orders from state court remain in "full force and effect" once the case arrives in federal court, but the federal district court has authority to dissolve or modify orders entered by the state court prior to removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436–37 (1974); 28 U.S.C. § 1450. Under the Federal Rules of Civil Procedure, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). A Court may relieve a party from a final order for several reasons, including mistake, inadvertence, surprise, excusable neglect, fraud, newly discovered evidence, or any other reason that justifies relief. Fed. R. Civ. Pro. 60(b).

**2**

Defendants claim that Judge Shepherd's failure to include parameters, such as how long an audit would take or the cost of such an audit, are detrimental to the enforceability of the November 7 Order, [R. 13 at 2.] Judge Shepherd certified a class of inmates "who have taken correctional education and behavioral programming courses since 2007." [R. 14-1 at 19.]

Defendants argue that because KRS § 197.045(1)(a)(2) is retroactive only through July 15, 2011, their audit should not extend back to 2007. [R. 13 at 3.] However, while the current amendments are only retroactive through July 15, 2011, the requirement for KDOC to provide EGT credits for educational programs dates back at least to 1996. 1996 Ky. Acts. 417 (HB 323). Accordingly the Court sees no legal reason to limit the audit to begin in 2011, excluding inmates who may be a part of the class and participated in EGT programs between 2007 and 2011.

Next, Defendants claim the audit should begin in 2010, as Kentucky Community and Technical College System (KCTCS) maintained records of vocational-tech programs through 2010. [R. 13 at 3.] According to Defendants, "The record also makes clear that the records maintained by KCTCS have been provided." *Id*. However, the Court is not convinced. Judge Shepherd noted that the transcripts "are being scanned" into the Kentucky Offender Management System, but the Defendants still have not received these transcripts. [R. 14-1 at 7.] The Court is also not convinced that these transcripts include the behavioral programming courses also to be included in the audit since 2007. Furthermore, Defendants argue that the audit should exclude any records after 2014, since KDOC created a transcript process for educational records that year. [R. 13 at 4.] However, Judge Shepherd noted in his order that, even with this new process, KDOC still cannot provide a transcript of credits for inmates. [R. 14-1 at 8.]

This Court does not believe the time parameters need to be clarified. Judge Shepherd's order requires an audit to construct "a comprehensive list of all class members who have taken correctional education and behavioral programming courses since 2007." *Id*. at 19. Defendants argue the time frame should be limited, but have consistently failed to provide any usable list or transcript for any year after 2007. *See generally, id.* Nor do Defendants provide a single legal reason to limit the audit to records after 2010 or 2011, or before 2014. The cost to Defendants is

6

not a legal reason to limit the Plaintiffs' ability to recover for violations of their due process rights.

### 3

Additionally, Defendants claim that compliance with Judge Shepherd's November 7 Order would violate state law. [R. 13 at 4.] This argument is also without merit. Kentucky law requires budget units of any branch of government, including KDOC, to request an audit from the Auditor of Public Accounts. KRS § 45.149. Only if the Auditor of Public Accounts declines to perform the audit, or if the Auditor of Public Accounts fails to respond in a timely fashion, can the KDOC request an audit from an independent certified public accountant. *Id.* Judge Shepherd merely required Defendants to use "an outside independent auditing firm" as opposed to performing an in-house audit. [R. 14-1 at 18.] The Auditor of Public Accounts is an agency independent of the KDOC, and therefore qualifies as an "outside independent auditing firm." KRS § 43.050. Nothing in Judge Shepherd's opinion prohibits Defendants from first requesting an audit from the Auditor of Public Accounts, and thus, the Court denies Defendants' Motion to Dissolve or Modify the State Court Order.

### B

Additionally, Defendants have filed a Motion to Amend their Class Action Notice. [R. 15.] Inmates have submitted correspondence to Defendants seeking credits for education and program courses, and Defendants are afraid communications concerning this request could be a violation of Judge Shepherd's November 7 Order prohibiting contact with class members regarding the subject matter of the litigation. *Id.* at 1–2. Defendants request to modify the class action notice to provide information on how to opt out of the class in order to communicate with Defendants.

However, Judge Shepherd did not completely prohibit contact with class members, only contact that is not preapproved by the Court. [R. 14-1 at 19.] Therefore, the Court finds it unnecessary to modify the class action notice, as that would cause confusion among class members, and thus denies Defendants' motion. Even so, the Court does find Defendants should be allowed a pre-approved response to the inmates' request. Defendants should prepare a generic reply to the inmates' Corrections Policy and Procedure 17.4 requests for this Court to review.

### III

A case that initiated in state court proceeds in federal court as though everything done at the state court level was in fact done by the federal court. *Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955). Today, this Court finds no reason to modify or dissolve the orders previously entered by Franklin Circuit Judge Phillip Shepherd. Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dissolve or Modify State Court Order [**R. 13**] is **DENIED**;

2. Defendants' Motion to Amend Class Action Notice [**R. 15**] is **DENIED**; and

3. Within **fourteen (14) days** of the entry of this Order, Defendants **SHALL** prepare a proposed response to inmates' Corrections Policy and Procedure 17.4 inquiries, informing inmates of the ongoing litigation. Within **seven (7) days** of Defendants' filing their proposed response, Plaintiffs **SHALL** file any objections to that proposed response.

This the 15th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge