UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ANTONIO ARRIOLA, *et al.*, | ) ) | |
| Plaintiffs, | ) ) | Civil No. 3:17-cv-00100-GFVT |
| V. | ) ) ) | **ORDER** |
| COMMONWEALTH OF KENTUCKY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiffs' Second Motion for Sanctions. [R. 65.] In this motion, Plaintiffs allege that Defendants' contract with KPMG did not comply with the Court's Order for appointment of an independent auditor. Specifically, that the selection of KPMG did not occur through the mandated Request for Proposal (RFP) process, and that the contract indicated that KPMG was neither "independent" nor conducting an audit, as required by the Court. Following this motion, the Court held a hearing, where both parties appeared, along with Special Master C. Cleveland Gambill, and Hon. J. Kent Wicker appeared on behalf of KPMG, LLP. [R. 77.]

At the hearing, the Defendants assured the Court that the personal service contract with KPMG was consistent with the RFP. [R. 85 at 10.] Plaintiffs expressed concern that KPMG was contracted initially to rebuild the Kentucky Offender Management System, with the Court-Ordered audit tacked onto that contract, and that KPMG would not be able to make findings adverse to the Defendants' financial interest. *Id*. at 18.

First, Defendants stated, though the RFP process generated some interest among potential

bidders, no bids were ultimately offered through the RFP process. *Id*. at 10–18. Additionally, Defendants explained that the language in KPMG's contract, stating it was not performing an audit, only applied to the industry definition of "audit." *Id*. at 19–20. Under the standards of the American Institute of CPAs, KPMG would not be performing an "audit" because an "audit" involves financial records. *Id*. Rather than financial records, KPMG will be reviewing various records to produce a list of detainees that took courses, a list of courses taken, and a list of detainees who took those courses and passed the courses. *Id*. at 20. Defendants asserted confidence that if such lists could be created, KPMG would be able to do so. *Id*. at 23. Plaintiffs agreed. *Id*. at 25.

Next, Plaintiffs expressed concern with the language of the contract that stated KPMG's work was "controlled solely" by the contract. *Id*. However, Defendants stated at the hearing that the scope of the work was controlled solely by the contract, but that KPMG would be reporting to the Court:

> My conversations with — Stacy Woodward is here with me today; she's a budget director. She has been a liaison there. She's going to be representing DOC in all proceedings involved in this contract.
> She has made it very clear to them, and I think it's in her affidavit, that while they have been paid by DOC, they are working at the behest of Judge Gambill for the Court. And KPMG has said several times, when can we meet with Mr. Gambill so we can figure this thing out so we can start moving forward?
> Everybody involved in the contract understands that they are working under the supervision of Judge Gambill and the Court. That's not a question.

*Id*. at 26–27. As to the terms relating to the contract's exclusion of outreach to third parties, the Plaintiffs also objected, but the Defendants stated that such exclusion simply referred to inmates, conceding "We can change that sentence to something else to say — to define third party as inmates." *Id*. at 27–28. Defendants further assured the Court that KPMG was not relying solely on records provided by the Kentucky Department of Corrections, but instead was contacting

2

local jails and local programs for various records and information. *Id*. at 29.

The Court understands the Plaintiffs' frustration with the long and tortured history of this case, as well as the seeming lack of disclosure by the Defendants. The Court does find that the contract between Defendants and KPMG attempts to comply with the Court's Order, however, certain terms should be interpreted in accordance with the representations made at the hearing held on December 19, 2018. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Motion for Sanctions [**R. 65**] is **DENIED.** The Parties and KPMG are directed to continue meetings with Special Master Gambill to resolve this matter.

This the 22d day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge