UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

[Filed Electronically]

| | |
|---|---|
| KEATH BRAMBLETT, et al., ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br>     PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF KENTUCKY, ) <br> et al., ) <br> ) <br>     DEFENDANTS ) | CASE NO. 3:17-cv-100-GFVT |

## *SEVENTH* AMENDED CLASS ACTION COMPLAINT

Plaintiffs Keath Bramblett, Brandon Biggs, Osiris Caise, James Coitrone, Quincy Dunn, Barbara Gordon, Christopher Hopper, Lorenzo Lee, Tony Lutes, Lance Meacham, Walter A. Noland, Cedrick Lee Pollard, Donald Roberts, and David Voyles, individually and on behalf of all others similarly situated, for their Seventh Amended Class Action Complaint, would respectfully show as follows:

### I. Parties

1.  Plaintiffs Keath Bramblett, James Coitrone, Quincy Dunn, Lorenzo Lee, Tony Lutes, Walter A. Noland, and Cedrick Lee Pollard ("the Inmate Plaintiffs") remain inmates in the care and custody of Defendants Commonwealth of Kentucky, Kentucky Justice and Public Safety Cabinet ("the Cabinet"), and the Kentucky Department of Corrections ("KDOC") (hereafter collectively referred to as the "Institutional Defendants"). All are members of the certified class of inmates "incarcerated by [K]DOC who have sought, or are seeking, the award of sentence credits under KRS 197.045 through completion of educational or behavior modification programs offered

1

by [K]DOC for the time period of five years preceding the filing of this action." Franklin Circuit Court *Opinion and Order* entered June 3, 2015. Both Plaintiffs Bramblett and Noland have exhausted their available administrative remedies in connection with the issue made the subject of this litigation – their statutory right to 60-90 days' sentence credit in return for completing one of the courses listed in KRS 197.045(1)(a)(2) and (3). Proof of their exhaustion of the administrative remedies available to them was included in Exhibits 1-4 to their original complaint herein, which by reference is fully made a part hereof. By Franklin Circuit Court Opinion and Order entered June 3, 2015, Plaintiffs Bramblett and Noland were named class representatives for the certified class.

2. Plaintiff Donald Roberts was the named Plaintiff in *Roberts v. Thompson*, No. 2011-CA-1950-MR (Ky. App. September 14, 2012), in which as a *pro se* plaintiff, he challenged Defendants' interpretation of KRS 197.045(1)(a)(2) as affording them discretion in the awarding of sentence credit. Plaintiff Roberts prevailed, and his position was vindicated, in a Court of Appeals decision entered September 14, 2012, and attached to Plaintiff's motion for class certification filed in Franklin Circuit Court as Exhibit 4. Defendants withdrew their subsequent motion for discretionary review of the Court of Appeals' decision and represented to the Franklin Circuit Court that they had finally "started to comply" with at least KRS 197.045(1)(a)(2). Plaintiff Roberts was formerly an inmate in Kentucky penal institutions, but has been released and is no longer in the custody of the Institutional Defendants. By Franklin Circuit Court Opinion and Order entered June 3, 2015, Plaintiff Roberts was also named a class representative for the certified class.

3. Plaintiffs Brandon Biggs, Osiris Caise, Christopher Hopper, Lance Meacham, Barbara Gordon, and David Voyles were formerly inmates in Kentucky penal institutions, but have been released and are no longer in the custody of the Institutional Defendants. They, together with

2

Plaintiff Roberts, will be referred to collectively as "the Released Plaintiffs." By Franklin Circuit Court Opinion and Order entered June 3, 2015, Plaintiffs Hopper and Voyles were also named class representatives for the certified class.

4.      Defendant KDOC is charged with the care, the custody, and the award or denial of sentence credits to the certified class.  KDOC is a division of Defendant the Cabinet, which in turn is a governmental subdivision of Defendant the Commonwealth of Kentucky.  The Commonwealth of Kentucky, the Cabinet, and the KDOC, are made Defendants to this action for the purpose of declaratory and injunctive relief only.

5.      Individual Defendants Brown and Tilley were Secretaries of the Cabinet during all times relevant herein, were responsible for the training and supervision of employees of the Cabinet and the KDOC, and were responsible for their recognition of and compliance with Kentucky laws at all times relevant to these proceedings.

6.      Individual Defendants Thompson, Ballard and Erwin were Commissioners of the KDOC during all times relevant herein, were responsible for the training and supervision of employees of the KDOC, and were responsible for their recognition of and compliance with Kentucky laws at all times relevant to these proceedings.

7.      Individual Defendant Erwin was also Deputy Commissioner of Adult Institutions and supervised the work of KDOC's Education Branch during relevant times herein, was responsible for the training and supervision of employees of the KDOC's Education Branch, and was responsible for their recognition of and compliance with Kentucky laws.

8.      Individual Defendants Slemp, Cropp and King are or were employed in KDOC's Education Branch during all times relevant herein, and were responsible for granting and denying sentence credits to the certified class.  Defendant Slemp was Defendant Cropp's supervisor.

3

Defendants KDOC, Brown, Thompson, Ballard, Erwin, Slemp, Cropp and King are hereinafter sometimes collectively referred to as the "KDOC Defendants."

9. All of the individual KDOC Defendants herein, along with other individual defendants whose identities may be disclosed in discovery, were responsible for properly interpreting KRS 197.045(1)(a)(2) and (3), awarding sentence credits as required by law, and accurately computing and effecting the release of inmates in accordance with Kentucky law. All of the individual KDOC Defendants herein, along with other individual defendants whose identities may be disclosed in discovery, were responsible for interpreting KRS 197.045(1)(a)(2) as affording them discretion in the awarding of sentence credit, when the plain language and court interpretations of the statute made clear they lacked such discretion. As already found by Franklin Circuit Court, all of the individual KDOC Defendants herein, along with other individual defendants whose identities may be disclosed in discovery, have managed correctional education in an arbitrary and capricious fashion, have denied sentence credits required by law, have continued to incarcerate individuals who had earned the legal right to an earlier release, and have plainly, knowingly, and intentionally frustrated all of the salutary purposes of correctional education in Kentucky penal institutions.

## II. Venue and Jurisdiction

10. Because the cause of this action arose as a result of acts undertaken, or as a result of contracts entered into, by Defendants in Franklin County, venue and jurisdiction in this Court are proper.

## III. Facts

11. The named Plaintiffs and the class they represent were all denied sentence credits, in violation of KRS 197.045(1)(a)(2) and (3), after successfully completing correctional

4

educational and behavior modification courses embraced by the statute. Some, like Inmate Plaintiff Bramblett, had sentence credit taken away from them after it had already been awarded. In other instances, Plaintiffs were advised that they were denied sentence credit (or had it taken away) because the course they had completed was in an area too similar to one for which they had previously been awarded sentence credit.

12. In *Mercer v. Commonwealth*, Civil Action No. 05-CI-01714 (Franklin Circuit Court Div. I 2007), attached to Plaintiffs' original complaint as Exhibit 5, the Franklin Circuit Court held *in 2007* that denial of sentence credit can amount to a deprivation of due process in violation of the 14th Amendment to the U.S. Constitution. In that case, the court specifically directed that Defendant KDOC award Mr. Mercer sentence credit for a diploma, despite the fact that it bore a similarity to another diploma for which he had already received sentence credit, because "KRS 197.045 clearly makes the award of EGT credit[1] *mandatory* upon a prisoner's completion of one of the listed educational programs. *The [KDOC] does not have discretion to deny an application for EGT credit where the applicant completed one of the educational programs listed in the statute.*" (Emphasis added).

13. In a February 25, 2011 letter to Inmate Plaintiff Bramblett, attached to Plaintiff's original complaint as Exhibit 6, the Cabinet acknowledged that the Court in *Mercer* had directed that sentence credit be awarded Mr. Mercer for a diploma "in the same subject area" as one for which he had previously received sentence credit. However, the Cabinet took the position that the

---

[1] "EGT credit" stands for "Education Good-Time credit." Although KRS 197.045 refers only to credit an inmate is to receive on his or her sentence, and nowhere mentions "educational good-time credit," EGT appears to be a term referring specifically to those sentence credits awarded pursuant to KRS 197.045(1)(a)(2) and (3), as distinguished from the "meritorious good-time credit" available to deserving inmates under KRS 197.045(1)(b). See, e.g., *Martin v. Chandler*, 122 S.W.3d 540 (Ky. 2003).

5

Court's decision in *Mercer* had no applicability to Inmate Plaintiff Bramblett's circumstances because the Court's ruling "applied only to Mr. Mercer's case." No such limitation can be found or read into the Court's decision in *Mercer*. Later in the same letter, the Cabinet expressly acknowledged that sentence credit under KRS 197.045(1)(a)(2) is in fact mandatory, not discretionary.

14. In the meantime, Released Plaintiff Roberts had filed and was litigating his *pro se* action against Defendants for denial of sentence credit in violation of KRS 197.045(1)(a)(2). Although his action was dismissed by the circuit court, the Court of Appeals reversed in a decision entered on September 14, 2012, finding, like the Franklin Circuit Court in *Mercer*, that KRS 197.045(1)(a)(2) afforded no discretion in the awarding of sentence credits. Although Released Plaintiff Roberts is no longer incarcerated, his release was delayed by at least 90 days because of Defendants' failure and refusal to comply with the clearly-established law. Released Plaintiffs Biggs, Caise, Gordon, Hopper, Meacham and Voyles likewise had their releases delayed by at least 90 days because of Defendants' failure and refusal to comply with the clearly-established law.

15. The language of KRS 197.045(1)(a)(3) is no less ambiguous. The denial of sentence credit to Plaintiffs and the class violates the plain and mandatory language of KRS 197.045(1)(a)(2) and (3), Plaintiffs' and the class's due process rights under the 14th Amendment to the U.S. Constitution, Sections 2 and 3 of the Kentucky Constitution, and the law clearly established in the Franklin Circuit Court's opinions in *Mercer* and *Roberts*.

16. In an evidentiary hearing in this case at the Kentucky State Reformatory on March 13, 2014, Plaintiffs demonstrated to the Franklin Circuit Court a plethora of other inconsistencies and (frankly) nonsense in the KDOC Defendants' management of correctional education and

6

awards of sentence credits, which served as the basis for that court's declaration in its Opinion and Order entered June 3, *2015*, that the "[K]DOC's administration of KRS 197.045 is arbitrary and capricious, and that the [K]DOC's conduct has denied the Plaintiffs' right to due process and equal protection of the law under the 14th Amendment to the U.S. Constitution and Sections 2 and 3 of the Kentucky Constitution." By reference, Plaintiffs incorporate as if fully set forth herein both the transcript of the March 13, 2014 evidentiary hearing and the Franklin Circuit Court's June 3, 2015 Opinion and Order.

17. The KDOC Defendants' management of correctional education and awards of sentence credits not only violates the plain and mandatory language of KRS 197.045(1)(a)(2) and (3), but is ambiguous and undefined, lacks any educational or academic merit or legitimacy, is subject to inconsistency and abuse in its application, and is arbitrary and capricious or is applied in a manner that is arbitrary and capricious, all in violation of Plaintiffs' due process rights under the 14th Amendment to the United States Constitution and Sections 2 and 3 of the Kentucky Constitution.

18. In addition, Defendants' conduct as a practical matter makes no sense, and is entirely inconsistent with the purposes of KRS 197.045(1)(a)(2), which include but are not limited to:

    (a) **the *social* benefit** of educating sentenced offenders and thus increasing the likelihood of their gainful employment and their return to society as productive, tax-paying citizens after their release;

    (b) **the *institutional* benefit** of maintaining security and order in Kentucky's penal institutions by encouraging inmates to devote their time to academic endeavors requiring that they maintain discipline and good behavior; and

7

> (c) **the *governmental* benefit** of saving tax dollars by reducing inmate populations through the early release of deserving inmates who have pursued and obtained degrees and diplomas defined in, and obtained the sentence credit offered by, KRS 197.045(1)(a)(2) and (3).

Indeed, Defendants have repeatedly represented to Kentucky's General Assembly that KRS 197.045(1)(a)(2) and (3) enhances public safety and saves taxpayer dollars. In 2009, the Supreme Court of Kentucky held in *Commonwealth v. Thompson*, 300 S.W.3d 152 (2009), that the provisions of a statute having such purposes and benefits *should be applied retroactively*. As a consequence, Plaintiffs and the class believe that Defendants' interpretation of the statute has nothing to do with its plain, mandatory language, but is motivated by interests other than those embodied in the statute. As a consequence, not only have Defendants failed to achieve the obvious goals of KRS 197.045, they may well have damaged intended beneficiaries of the statute by imprisoning them longer than they should have been.

19. As highlighted by the circumstances of the Released Plaintiffs, Defendants' failure to comply with KRS 197.045(1)(a)(2) and (3) significantly delayed their release and the release of others similarly situated from custody, causing them significant injury and monetary damages. There are many more inmates in the circumstances of the Released Plaintiffs, whose release was wrongfully delayed, or who are still serving time, due to Defendants' violation of the statute.

20. This litigation was filed *approximately eight years ago*. Despite the Franklin Circuit Court's June 3, 2015 Opinion and Order, and until this Court on June 15, 2018 required Defendants to pay for an independent audit of available correctional education records, Defendants made no efforts whatsoever to reform their management of correctional education and behavior modification courses, or the awarding of sentence credit for same, opting instead to obfuscate and

8

misrepresent the available documentation and their position against Plaintiffs' allegations and resist the common sense suggestions that have been made throughout this litigation by both the Franklin Circuit Court and Plaintiffs' counsel to improve their management of correctional education and the award of sentence credits thereunder. Indeed, subsequent to the Franklin Circuit Court's June 3, 2015 Opinion and Order, and contrary to Defendants' counsel's repeated, express representations to that Court, it was determined that Defendants have no reliable record of what class members took what courses when or where, whether they completed such courses and, if so, whether they were awarded the sentence credit to which they were statutorily entitled. Defendants have known this at least since taking full control of correctional education in Kentucky institutions in 2010, and have repeatedly represented to Kentucky's General Assembly that their record-keeping in this regard was deficient and would be improved. Defendants nonetheless failed and refused to improve their record-keeping despite such promises, and despite the results of discovery in this case, resulting in miscalculation of class members' sentence credits and their release dates.

### IV.  Relief Sought

#### A.  42 U.S.C. §§1983 and 1988

21.  Because the individual Defendants are state actors engaged in misconduct that violates Plaintiffs' 14th Amendment rights, Plaintiffs are entitled to the injunctive relief and damages requested below pursuant to 42 U.S.C. §1983, and to recover their attorney fees and costs pursuant to 42 U.S.C. §1988.

#### B.  Declaratory Relief

22.  An actual controversy exists between Plaintiffs and the class on one hand, and Defendants on the other, as to the proper interpretation to be given KRS 197.045(1)(a)(2) and (3) under the circumstances of this case, and its primacy over any conflicting policies, customs and

practices of Defendants. Plaintiffs and the class therefore request that this Court make a binding declaration, pursuant to the authority granted the Court by KRS 418.040, that Defendants have no discretion to deny any inmate sentence credit upon completion of one of the educational or behavioral modification courses embraced by KRS 197.045(1)(a)(2) and (3).

### C.   Injunctive Relief

23.   Plaintiffs and the class also request that the Court, after hearing, grant them and the class binding and permanent injunctive relief, enforced by the contempt powers of this Court, enjoining Defendants from denying any inmate the appropriate amount of sentence credit upon completion of one of the educational or behavioral modification courses embraced by KRS 197.045(1)(a)(2) and (3), requiring that all sentence credits previously denied or taken away in violation of the statute be restored, and requiring the immediate release of inmates who have completed their sentences under a lawful interpretation of the statute.

### D.   Damages

24.   Plaintiffs and the class they represent request that they be reimbursed all monies paid for courses for which they are ultimately denied sentence credits, on grounds of:

(a)   False advertising;

(b)   Fraudulent inducement;

(c)   Unjust enrichment;

(d)   Unfair, false, misleading, or deceptive acts or practices in violation of KRS 367.170; and

(e)   The individual Defendants' abuse of public office in violation of KRS 522.010 *et. seq.*, false statements in violation of KRS 523.010 *et seq.*, and abuse of and malfeasance in office in violation of Kentucky statutory and common law.

25. In addition to the relief sought in the preceding ¶ 24, the Released Plaintiffs and all persons similarly situated request that the Court award them and all other persons whose release from custody was delayed by the violation of KRS 197.045(1)(a)(2) and (3), actual damages from the individual Defendants to compensate them for their injuries. The individual Defendants' conduct:

(a) Was negligent, grossly negligent, and fraudulent;

(b) Was responsible for the unjust, wrongful and false imprisonment of the Released Plaintiffs and all others similarly situated;

(c) Constituted an abuse of public office in violation of KRS 522.010 *et. seq.*, false statements in violation of KRS 523.010 *et seq.*, and abuse of and malfeasance in office in violation of Kentucky statutory and common law; and

(d) Violated the rights of the Released Plaintiffs and all others similarly situated under the 14th Amendment to the U.S. Constitution, and Sections 1, 2, 10, 17, and 25 of the Kentucky Constitution's Bill of Rights.

The Released Plaintiffs and all others similarly situated, also request an award of punitive damages against such individual Defendants to deter the flagrant disregard of the clearly-established law exemplified by their conduct in this case.

### V. Class Action

26. The Court has already certified a class of all inmates incarcerated by KDOC who have sought, or are seeking, the award of sentence credits under KRS 197.045 through completion of educational or behavior modification courses offered by KDOC for the time period of five years preceding the filing of this action. An award of sentence credits for completion of educational courses should be based upon the substance of such courses, not whether completion was

11

evidenced by a "diploma," a "certificate," or some other documentation. Substance, not form, and the legitimate expectations of the class members, should control. In addition, sentence credits should be awarded for completion of any substantive behavior modification courses offered in KDOC institutions, regardless of whether they have been designated by Defendants as "evidence-based." Defendants should not be permitted to violate KRS 197.045 by combining a number of courses to which inmates are entitled sentence credit for completion under a heading of a "program," and then awarding sentence credit only for completion of such "program." Finally, an award of a sentence credit of 90 days, rather than 60 days, should be applied retroactively in keeping with the obvious purpose of KRS 197.045 and the Supreme Court's opinion in *Commonwealth v. Thompson*, 300 S.W.3d 152 (2009).

27. The Released Plaintiffs also seek certification of a subclass of the class already certified by the Court, pursuant to CR 23.02(a) and (c), for recovery of actual and punitive damages **for the delay in their release occasioned by the individual Defendants' violation of KRS 197.045.** This subclass, too, is believed so numerous that joinder of all members is impracticable. Given the narrow definition of this subclass, it is clear that there are questions of law and fact common to the class and that the Released Plaintiffs' claims are typical of those of the class.

28. The Released Plaintiffs will fairly and adequately protect the interests of all such subclass members. The Released Plaintiffs will aggressively pursue the interests of the entirety of such class. The Released Plaintiffs' interest in obtaining declaratory and injunctive relief and damages is consistent with and not antagonistic to those of any other person within their class. Finally, the Released Plaintiffs are represented in this litigation by counsel having extensive experience not only in the area of inmates' rights, but in class action litigation.

**WHEREFORE,** Plaintiffs respectfully request:

1. Certification of a subclass of released inmates for the recovery of actual and punitive damages to which they are entitled due to the wrongful delay in their release occasioned by the individual Defendants' violation of KRS 197.045(1)(a)(2) and (3);

2. A binding declaration that Defendants have no discretion to deny any inmate 90-days sentence credit upon completion of one of the educational or behavioral modification courses embraced by KRS 197.045(1)(a)(2) and (3);

3. A permanent injunction prohibiting Defendants from denying any inmate 90-days sentence credit upon completion of one of the educational or behavioral modification courses embraced by KRS 197.045(1)(a)(2) and (3), requiring that all sentence credits previously denied in violation of the statute be restored, and ordering the release of all persons still incarcerated who have satisfied their debt to society pursuant to KRS 197.045(1)(a)(2) and (3);

4. An award of actual and punitive damages to all inmates who paid for courses for which they are ultimately denied sentence credit;

5. An award of actual and punitive damages to all persons whose release from state custody was or is being delayed by the individual Defendants' violation of KRS 197.045(1)(a)(2) or (3);

6. An award of attorney fees, costs and expenses incurred in this action, and interest on all sums awarded at the maximum rate permitted by law, including but not limited to 42 U.S.C. §1988 and KRS 412.070; and

7. All such other and further relief to which Plaintiffs and the classes may show themselves entitled under law.

          Respectfully submitted,

          /s/ Gregory A. Belzley
          Gregory A. Belzley
          gbelzley3b@gmail.com
          Camille A. Bathurst
          cbathurst3b@gmail.com
          Aaron Bentley
          abentley3b@gmail.com
          Belzley, Bathurst & Bentley
          P.O. Box 278
          Prospect, KY  40059
          502/292-2452

          *Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed via CM/ECF, which will send electronic notice and a copy of the foregoing to all counsel of record, and that a true and correct copy of the foregoing was also emailed on November 9, 2020, to:

Hon. C. Cleveland Gambill
Special Master
P.O. Box 58243
Louisville, KY  40263-0243

          /s/ Gregory A. Belzley
          Gregory A. Belzley