UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KEATH BRAMBLETT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 3:17-cv-00100-GFVT |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiffs' Motion for Leave to File Eight Amended Class Action Complaint [R. 176] and the Court's own Motion.

**I**

The Court first addresses its own Motion. On August 3, 2021, a status conference was held at which KPMG, the Court-appointed auditor, presented its findings. [R. 175.] Although KPMG has audited the majority of relevant data in this matter, it revealed that 8,248 records remain unaudited because the records were turned over to KPMG after the expiration of its contract. *Id.* In response to this revelation, Plaintiffs argued that the Court should permit KPMG to audit the remaining records to maintain "professionalism and objectivity." [R. 198 at 2.] Defendants argued that they should be permitted to audit the remaining records using the methods employed by KPMG and that the Court should conclude KPMG's role in this matter. Upon review, the Court agrees with Defendant. Although the Court applauds KPMG for its work in this matter, the time has arrived for Defendants to implement their new processes,

procedures, and strategies to ensure KDOC inmates receive proper credit for educational classes. If a dispute arises regarding Defendants' audit of the remaining records, the matter can be solved through further litigation.

## II

The Court next turns to Plaintiffs' Motion to Amend [R. 175.] In their Motion, Plaintiffs inform the Court that at the August 3, 2021, status conference in this matter, KPMG indicated the presence of multiple Plaintiffs affected by alleged wrongdoing which occurred in 2020. [R. 176 at 2.] Because the current Complaint in this matter does not include those Defendants alleged to have permitted wrongdoing to occur, including various public officials who held positions of power at the KDOC in 2020, Plaintiffs request to be able to amend their Complaint an eighth time. *Id.* In response, Defendants oppose the request and make multiple arguments. [R. 177.]

First, Defendants argue that the amendment should not be permitted because the named plaintiffs are not alleged to have been harmed by the officials that Plaintiffs seek to add as defendants. [R. 177 at 2.] In response, Plaintiff argues that the harm of any class member, not solely the named plaintiffs, can give rise to proper amendment. [R. 178 at 1.] Although the Court agrees with Defendants that a named plaintiff must have a causal connection to the harm pled by Plaintiffs, this insufficiency can be resolved by requiring Plaintiffs to amend their list of named plaintiffs simultaneously with their addition of the new Defendants. *See, e.g.*, *Wong v. Bann-Cor Mortgage*, 878 F. Supp. 2d 989, 996 (W.D. Mo. 2012) (dismissing two defendants from a class action complaint because plaintiff failed to add a named plaintiff with sufficient causal connection to the injuries allegedly caused by those defendants); *see also Perry v. Allstate*

2

*Indem. Co.*, 953 F.3d 417, 420 (6th Cir. 2020) (dismissing defendant when no named plaintiff established standing against the defendant).[1]

Next, Defendants argue that, because they have already filed a motion for summary judgment and because this amendment is sought at a late stage in this litigation, they will be prejudiced by amendment. [R. 177 at 4.] Federal Rule of Civil Procedure 15(a) indicates that leave to amend a pleading "shall be freely given when justice so requires." *Brooks v. Celeste* [Fed. R. Civ. P. 15(a)(2); 39 F.3d 125 (6th Cir. 1994).] The Sixth Circuit provides a list of prejudicial situations that a district court should consider when deciding whether to permit an amendment to a Complaint. *Id.* at 130. These factors include:

> [u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.

*Id.* (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). However, the Sixth Circuit noted that "[d]elay by itself is not a sufficient reason to deny a motion to amend" *Id.* Upon review of these factors, the Court will permit Plaintiffs' amendment because there appears to be no undue delay, lack of notice, or bad faith in Plaintiffs' filing. Instead, Plaintiffs clarify that this Motion could not have been made until KPMG released the findings of its audit and Plaintiffs moved to amend one week after the Court held a hearing to discuss the results of the audit. [R. 175; R. 176.]

---

[1] As an aside, the Court notes the potential applicability of the "juridical link" doctrine in this matter. In *Perry*, the Sixth Circuit described the doctrine as potentially applicable when a class action "involve[s] a state statute or uniform policy being applied statewide by the defendants." *Perry*, 953 F.3d at n.2 (collecting cases). When applicable, the Circuit indicated that Article III standing might be established, even when a named plaintiff herself has not been harmed by every listed Defendant. Although this doctrine has not been briefed, it appears likely that this exception would permit the amendment sought by Plaintiffs and would not require the addition of a new named plaintiff. *See id.* Nonetheless, because the Sixth Circuit did not fully empower this doctrine in *Perry*, the Court will require Plaintiffs to include a new named plaintiff in their Complaint who can establish a causal connection against the newly added Defendants.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants **SHALL AUDIT** the remaining 8,248 records in this matter consistent with the findings of KPMG's audit within ninety days of the date of the entrance of this Order. The Court declines to extend KPMG's role in this matter;

2. KPMG **SHALL FILE** its audit in the record upon receipt of this Order;

3. Plaintiffs' Motion to Amend [R. 176] is **GRANTED**;

4. Plaintiffs **SHALL** include an appropriate named representative in their Eighth Amended Complaint to ensure that Article III standing exists over the claims brought against the newly-added Defendants.

5. Defendants **SHALL** make any necessary supplementation to their Motion for Summary Judgment [R 171] within fifteen days of the date of this Order. Plaintiff shall respond, if necessary, within seven days of Defendants' supplementation.

This the 2d day of November, 2021.

Gregory F. Van Tatenhove
United States District Judge