UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KEITH BRAMBLETT, *et al.*, | ) )  ) |
| Plaintiffs, | ) )   Civil No. 3:17-cv-00100-GFVT-EBA |
| V. | ) ) |
| COMMONWEALTH OF KENTUCKY, *et al.*, | )   **ORDER** ) ) ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' Motion for Conclusion of the Special Master. [R. 271.] On October 24, 2018, the Court appointed the Honorable C. Cleveland Gambill as Special Master in this case. [R. 57.] Now, the Defendants ask the Court to terminate that designation. [R. 271.] Because Judge Gambill's institutional knowledge of these proceedings, which predates their time in federal court, may continue to be of value, the Defendants' Motion **[R. 271]** is **DENIED**.

In 2012, this case began in Franklin Circuit Court when a certified class of current and former inmates sued the Commonwealth of Kentucky, its Department of Corrections, its Justice and Public Safety Cabinet, and several current and former state officials. [R. 6 at 2–4.] Kentucky law permits prisoners to earn credit towards their sentences for completing various educational programs, such as earning a high school diploma. Ky. Rev. Stat. Ann. § 197.045(1)(a)(2). The Plaintiffs alleged that the Defendants failed to provide them with proper sentence credit for completing educational programs in violation of Section 197.045, the Kentucky Constitution, and the Fourteen Amendment's guarantee of due process. [R. 6 at 7.]

Over the course of five years, the parties extensively litigated these claims before the Franklin Circuit Court. [*See* R. 28 at 2–4.] In 2015, Judge Shepherd certified the Plaintiffs' class and found that the Department of Corrections violated the Fourteenth Amendment and the Kentucky Constitution because its administration of the educational credit program was arbitrary and capricious. [R. 14-1 at 2–3.] Judge Shepherd did not grant a remedy pending further discovery. *Id.* at 3. Of note, the Defendants agreed to produce a list of all class members who had taken courses, what courses they took, when they took the courses, and whether they received appropriate credits. *Id.* Also in 2015, Judge Shepherd appointed former United States Magistrate Judge C. Cleveland Gambill as Special Master to oversee this discovery. *Id.* at 4.

Although Judge Gambill conducted several hearings intended to facilitate the production of this list, the Defendants ultimately failed to live up to their agreement. [R. 14-1 at 4–5.] Because the Department of Corrections had a responsibility to maintain these records, Judge Shepherd required the Defendants to participate in an independent audit, at their expense, to recreate the desired information. *Id.* at 18–19. Judge Shepherd again appointed Judge Gambill as Special Master to oversee the audit. *Id.* at 19.

Displeased with this result, the Defendants removed the case to federal court. [R. 1; R. 13.] Noting that decisions by a state judge generally carry over into federal court upon removal, this Court upheld Judge Shepherd's order. [R. 28 at 8 (citing *Munsey v. Testworth Lab'ys*, 227 F.2d 902, 903 (6th Cir. 1955)).] In compliance with Judge Shepherd's order, the Defendants identified KPMG, LLP, as the independent auditor. [R. 55 at 1.] And this Court opted to continue to employee Judge Gambill as Special Master to oversee the audit. *Id.* Since then, Judge Gambill has routinely filed reports on the progress of KPMG's efforts to construct the educational list. [*E.g.*, R. 101.]

Now, the Defendants ask the Court to conclude Judge Gambill's tenure as Special Master. [R. 271.] They aver that the audit concluded in May of 2022. *Id.* at 2. The matter has also been referred to Magistrate Judge Atkins for further proceedings. *Id.* Accordingly, they believe that Judge Gambill is no longer needed or that the Court should clarify his responsibilities moving forward. *Id.*

In response, the Plaintiffs point out that Judge Gambill may be able to offer significant value moving forward. [R. 275.] For example, KPMG has identified educational programs that the Department of Corrections continues to claim are ineligible for credit, despite the plaintiffs' contrary belief. *See id.* at 1 (discussing Malachi Dads). The parties disagree over whether some 7,000 Kentucky Community and Technical College System certificates should be eligible for credit. *Id.* Some of this and other data may require further analysis by KPMG because of the Department of Correction's deficient record keeping. *See id.* at 1–2. Given the vast amount of data involved and Judge Gambill's long pedigree with this case, the Plaintiffs suggest that he may be the best person to monitor any further services from KPMG. *Id.* at 2–3.

The Plaintiffs are correct. Judge Gambill has more to offer these proceedings. While a special master cannot usurp the role of a judge, they can assist with specific duties that arise in the progress of a case. *La Buy v. Howes*, 352 U.S. 249, 256 (1957). A district court can appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). While reference to a master should be reserved for rare circumstances, a master can supervise discovery that would ordinarily be overseen by a judge. 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2602.1 (3d ed. 2023). Reliance on a master is particularly appropriate where a decree requires complex administration or policing,

"particularly when a party has proved resistant or intransigent or special skills are needed." *Id.*

Here, Judge Gambill has extensive institutional knowledge of this case and of the discovery dispute that predates removal to federal court. He has a perspective that neither the District Judge nor Magistrate Judge Ingram can readily duplicate. Judge Shepherd utilized Judge Gambill before the Defendants first failed to produce a list of their inmates' educational achievements. And he has overseen the audit that attempted to remedy that deficiency. As the Plaintiffs point out, Judge Gambill may be able to assist the Court with further distillation of the data accumulated by KPMG.

This is not to say that the Plaintiffs have no legitimate concerns. They are concerned that they may be required to pay for Judge Gambill's services moving forward. [*See* R. 271 at 2.] They also note that Judge Atkins now has a significant role in the case. *Id.* Rather than vacating the reference to a special master, these concerns are better alleviated by future order. Moving forward, Judge Gambill's role will be confined to specific requests from the Court, which will limit the ongoing cost of maintaining his involvement. *See* Fed. R. Civ. P. 53(b)(2)(A). Rather than duplicating the role of a magistrate judge, Judge Gambill will assist the Court with matters that stem from his long pedigree with the case and his attendant institutional knowledge.

For these reasons, the Court declines to vacate the reference to a special master. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Defendants' Motion for Conclusion of the Special Master **[R. 271]** is **DENIED.**

This the 26th day of May 2023.

Gregory F. Van Tatenhove
United States District Judge

4