UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KEITH BRAMBLETT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Crim. No. 3:17-cv-00100-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon multiple motions for summary judgment. [*See* R. 278-280.] This case—at one time like an imposing kudzu vine that swiftly grew in its number of claims and its number of parties—has been steadily pruned to its current state. All that remains are two pendent state law claims. Now, the Parties stand before this Court and ask it to resolve those claims as a matter of law. But it has been brought to the Court's attention that there is a material dispute regarding the scope of the Plaintiffs' class previously certified by the Franklin Circuit Court. And although this Court could resolve the remaining state law claims, it is not required to do so. Thus, for the reasons that follow, the Parties' motions will be **DENIED,** and this matter will be **REMANDED** to the Franklin Circuit Court.

**I**

In September 2012, a group of inmates incarcerated in Kentucky Department of Corrections facilities alleged that they had been improperly denied educational good time credits for having completed educational or behavior modification programs. [R. 222 at 2.] Twelve years have now passed since the inception of this litigation, during which time Plaintiffs have

amended their Complaint eight times, attained class certification, removed named Plaintiffs, added named Plaintiffs, and conducted massive discovery. Moreover, by Court order, the Kentucky Department of Corrections' records were subjected to an extensive audit which led to the discovery of an "abysmally managed" system of state recordkeeping, uncovered the existence of thousands of inmates who were either facing potential overincarceration or had already been overincarcerated by the Commonwealth, and cost Kentucky taxpayers over twenty million dollars. [R. 51; R. 225; *see* R. 195 at 87.] Because of this litigation, the Kentucky Department of Corrections has issued an official course catalog, has granted credit to many class members, and has overhauled portions of its inadequate processes. [*See* R. 157; R. 195 at 79; R. 230.] Additionally, since the inception of this litigation, various original plaintiffs have served their sentences and been released from incarceration. [*See* R. 230 at 3 (noting the in-person presence of Plaintiff Bramblett)].

Previously, the Parties reached the summary judgment stage and the Court found that the Plaintiffs would not succeed on their Section 1983 claims. [R. 231.] Now, the Parties are back. In their motions, the Defendants ask this Court to rule as a matter of law that they are not liable under the Plaintiffs' two remaining causes of action—one alleging negligence, the other alleging false imprisonment.[1] [R. 278-79.] Conversely, the Plaintiffs maintain in their motion that partial summary judgment on the issue of negligence is appropriate. [R. 280.] The Court turns now to the pending motions.

---

[1] At the time of briefing, numerous state law claims remained pending. On December 15, 2023, the Parties submitted an Agreed Stipulation that dismissed all but two of the Plaintiffs' state law claims. [R. 290-91.] Thus, the only causes of action that remain are for negligence and false imprisonment. [*See* R. 290.]

II

A

In their motions for summary judgment, the Defendants raise a plethora of arguments as to why they are not liable for negligence or for false imprisonment. [R. 278-1; R. 279.] One issue in particular, however, gives the Court great pause: class certification and standing. In June 2015, before this litigation had been removed to federal court, the Franklin Circuit Court certified the then-named Plaintiffs "as class representatives for a class of inmates incarcerated by the [Department of Corrections] who have sought, or are seeking, the award of sentence credits under KRS 197.045 through completion of educational or behavior modification programs offered by DOC for the time period of five years preceding the filing of this action." [R. 1-3 at 369.]

The Defendants assert that the Released Plaintiffs—the former inmates who are now seeking damages for the denial of their good time credit—must establish that they themselves suffered harm before their claims may proceed. [R. 278-1 at 8.] According to the Defendants, all but one of the Released Plaintiffs lack standing as class representatives because they were eventually credited with all of the educational, vocational, and behavioral good time credits to which they were entitled. *Id*. at 8-9. The Defendants' argument is based on the premise that neither the Franklin Circuit Court nor this Court has certified a class for the purpose of *damages*. [R. 286 at 2; R. 287 at 5] (emphasis added). They aver that the Franklin Circuit Court granted class certification for the purposes of injunctive and declaratory relief only. [R. 286 at 2; R. 287 at 5-6.] Thus, because a class has not been certified to allow the representative Plaintiffs to seek damages for others, those Plaintiffs are left with proving their individual claims for monetary

3

damages. Because those remaining Plaintiffs have proffered no proof that they suffered any individual injury, then the Defendants must prevail as a matter of law on the remaining state law claims.

The Plaintiffs disagree with the Defendants' interpretation of the Franklin Circuit Court's 2015 Order granting class certification. It seems that according to the Plaintiffs, the certified class *was* certified for damages, along with injunctive and declaratory relief. [R. 285 at 2-5.] That being the case, argue the Plaintiffs, the Defendants have not supported their argument with admissible evidence that the named Plaintiffs no longer have standing. *Id*. The Plaintiffs state that a "conclusory affidavit" proffered by the defense is insufficient to support the Defendants' conclusion that all but one of the named Plaintiffs have been correctly awarded their good time credit. *Id*. at 3-5. And, even if the named Plaintiffs' claims for damages were mooted by events subsequent to the Franklin Circuit Court's certification of the class, that does not deprive the named Plaintiffs of standing to represent class members who still have damages claims arising from their over-detention. *Id*. at 5-6.

Subsequent to the briefing period, this Court ordered a hearing on the pending summary judgment motions so that the Parties could further elucidate their arguments on certain issues. [R. 292.] After procuring a deeper understanding of the Parties' arguments it now seems apparent that whether or not a class was certified for damages will substantively affect how this matter moves forward in its waning hours. The answer will determine whether the named Plaintiffs have standing to represent a class of thousands of overincarcerated inmates, or whether the Court will be inundated with a battalion of damages claims by individual plaintiffs. Although after consider consideration the Court believes that it has the discretion to interpret the

4

Franklin Circuit Court's 2015 Order granting class certification, there exists a more equitable arbiter to determine the scope of class certification—the Franklin Circuit Court itself.

**B**

Where a lawsuit consists of more than one claim, and the District Court has valid jurisdiction over at least one of those claims, the District Court will have supplemental jurisdiction over all other claims that form "part of the same case or controversy." 28 U.S.C. § 1367(a). But a court "may decline to exercise supplemental jurisdiction over a claim" in one of four situations:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). "Once a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" *Southard v. Newcomb Oil Co.*, LLC, 7 F.4th 451, 455 (6th Cir. 2021) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *see Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed"). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

When deciding whether to exercise supplemental jurisdiction over any remaining state law claims, the Court considers "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "The length of time the parties have spent litigating the case before the court, the breadth of discovery compiled into the record, and whether thoroughly briefed motions remain before the court are factors that impact judicial economy." *Shehata v. Blackwell*, No. 20-cv-012, 2023 U.S. Dist. LEXIS 77049 at *6 (E.D. Ky. May 3, 2023). These interests should be balanced against "needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (1993).

The Plaintiffs' Section 1983 claims, which were not added until the Sixth Amended Complaint, prompted removal to the Eastern District. [*See* R. 1.] Pursuant to 28 U.S.C. § 1331, this Court had original jurisdiction over those claims because of their federal nature. Because the concurrent state law claims arose of a "common nucleus of operative fact," exercising supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 was appropriate. *See United Mine Workers of Am.*, 383 U.S. at 725. After disposing of the Plaintiffs' federal claims [*see* R. 231], this Court, using its discretion, found it appropriate to continue exercising supplemental jurisdiction over the remaining state law claims rather than remanding those claims to the Franklin Circuit Court. At this juncture, however, the Court finds that the best course of action may be allowing this case to end in the forum where it began.

First, all that remains are the two pendent state law claims—one for negligence and another for false imprisonment. While this Court is more than capable of considering these tort actions on their face, the Defendants have raised the affirmative defense of state qualified

6

immunity. [*See* R. 278-1 at 16, 21-23; R. 279 at 23-24.] Under Kentucky law, "[q]ualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (2001). Given the rather complex nature of Kentucky's qualified immunity analysis, and of this case, the Court finds that principles of federalism and the value of comity lean towards allowing Kentucky's own courts to make the final call on qualified immunity should it be necessary. That is especially true where, as here, there are multiple named defendants who served at various levels of state government. Thus, rather than impose itself unnecessarily into an area of law rife with judicial peril, the Court finds that the state forum is the preferred forum to make any determinations on state qualified immunity. Moreover, this case: (a) is now based solely on Kentucky tort law; (b) involves defendants employed by the Commonwealth of Kentucky; and (3) is brought by plaintiffs who were incarcerated by Kentucky's Department of Corrections. Kentucky's courts, therefore, are better equipped to jockey this matter across the finish line.

And second, as discussed above, the issue of class certification presents an exceptional circumstance that favors this Court's declination of exercising supplemental jurisdiction. This Court is not the best arbiter to interpret what the Franklin Circuit Court ordered in 2015. But who is? The Franklin Circuit Court. Too much is at stake for this Court to fasten its own determination to Judge Shepherd's words when it could more effectively permit Judge Shepherd[2] to articulate the meaning of his holding. Issues of comity demand no less. Thus, remand to the Franklin Circuit Court is the most appropriate disposition.

---

[2] The Honorable Phillip Shepherd, Franklin Circuit Court. [*See* R. 1-3 at 370.]

7

### III

The Court is conscious of the nearly seven years that this case has spent in the federal forum. Judicial economy alone might support this Court seeing this case through to its end. But for the reasons elucidated above, passing the ball back to the original point guard to take the final shot before time expires is in every player's best interest. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Parties' Motions for Summary Judgment [R. 278; R. 279; R. 280] are **DENIED without prejudice**;

2. The pending Motion for Leave to File Excess Pages [R. 277] is denied as **MOOT**;

3. This matter is **REMANDED** to the Franklin Circuit Court; and

4. This matter is **STRICKEN** from the Court's docket.

This the 29th day of March 2024.

Gregory F. Van Tatenhove
United States District Judge